
| | |
|---|---|
| CLARENCE R. SANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-070 |
| ) | |
| MICHAEL WILLIAMS, COASTAL ) | |
| STATE PRISON, and THALRONE ) | |
| WILLIAMS, Warden, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Clarence Sanks, an inmate at Rogers State Prison in Reidsville, Ga., filed this 42 U.S.C. § 1983 action on June 6, 2007.[1] Doc. 1. On June 11, 2007, this Court granted Sanks leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of that order. Doc. 8. Sanks returned both forms before the deadline; therefore, this case is ready to proceed.

---

[1] The Court notes that although Sanks is currently incarcerated at Rogers State Prison, the events alleged in his complaint occurred while he was incarcerated at Coastal State Prison in Garden City, Ga. Doc. 12.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures governing the large number of civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's reforms is the requirement that district courts conduct early screening of all prisoner complaints which seek redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 28 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine Sanks' complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Sanks' complaint alleges that on May 10, 2007, a corrections officer named Michael Williams choked and punched him during a search of his cell. Doc. 12. According to Sanks, the attack caused severe pain because at the time it occurred, he was still recovering from a broken cheekbone he had suffered a few months earlier. Id. After the alleged assault by Officer

Williams, Sanks received medical care at the prison for injuries to his mouth and cheekbone that he supposedly suffered during the attack. Id. at 6. Sanks claims that the care he received was inadequate. Id.

He attributes the inadequate care to the nurse who diagnosed his injuries. Id. Sanks asserts that the nurse who treated him failed to review his medical file before examining him. Id. According to Sanks, had the nurse conducted such a review, she would have learned of his previously fractured cheekbone, would have provided him with appropriate pain medication, and would not have allowed him to suffer severe pain for over a week while he waited to see a physician. Id.

## II. ANALYSIS OF PLAINTIFF SANKS' COMPLAINT

### A. Relief Requested by Sanks

Sanks filed this § 1983 action to recover damages and to request injunctive relief for the harm caused by the actions of Officer Williams, the prison warden, and Coastal State Prison. Doc. 1 & 12. More specifically, Sanks' complaint alleges (1) that Williams' actions constituted excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment; and (2) that the nurse exhibited deliberate

indifference to his serious medical needs, also in violation of the Eighth Amendment. Id. at 7. As relief for those alleged constitutional violations, Sanks seeks both compensatory and punitive damages from each named defendant. Id. at 7-8. Sanks also seeks an order from this Court permanently enjoining officer Williams from working at Coastal State Prison. Id. For the reasons set forth below, his complaint should be **DISMISSED**.

### B. Failure to Exhaust Administrative Remedies

Pursuant to 28 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before he can bring a suit "with respect to prison conditions." Although the exhaustion requirement is mandatory, Sanks' complaint affirmatively indicates that he has not exhausted all of his available administrative remedies. Sanks reveals that he filed a formal grievance on May 23, 2007, which was denied on or about June 1, 2007. Doc. 12, at 5. Sanks appealed the denial of his grievance "to Atlanta" on June 8, 2007, id., which was two days *after* he filed his complaint with this Court. Therefore, his complaint should be **DISMISSED** for failure to satisfy the mandatory exhaustion requirement set forth in 28 U.S.C. § 1997e(a).

4

In dismissing Sank's complaint for failure to exhaust his available administrative remedies, the Court acknowledges that in Jones v. Bock, 127 S. Ct. 910 (2007), the Supreme Court held that the prisoners in that case were not required to plead and prove exhaustion to survive early screening under § 1997e. However, the facts of this case are distinguishable from the facts in Jones.

The Jones plaintiffs had filed their § 1983 claims pursuant to the administrative rules of the Sixth Circuit, which required all prisoners to allege and demonstrate in their complaints that they had exhausted all available administrative remedies. Id. at 914. Because the plaintiffs in Jones did not abide by those rules, the district court dismissed their claims under 28 U.S.C. § 1997e. The Supreme Court held that a prisoner's failure to exhaust is an affirmative defense under the PLRA that need not be specially plead in the prisoner's complaint. Id. at 921. Because "the judge's job is to construe the statute—not make it better"—the Sixth Circuit exceeded its judicial role in engrafting an exhaustion–pleading rule onto the PLRA. Id. at 921. By contrast, Sanks was not required to allege and demonstrate exhaustion as a condition to proceeding with his suit. Although Sanks' original complaint was written on a standardized form

devised by this Court to aid prisoners in bringing a § 1983 action, doc. 1, and although that form does prompt the prisoner to detail his efforts to exhaust his administrative remedies, id. at 3-4, this Court does not *require* prisoners to use the standard form complaint. Nor has this Court adopted any rules that impose exhaustion of administrative remedies as a pleading requirement.

Sanks composed his amended complaint on blank notebook paper, and in his amended complaint Sanks discusses at length the administrative remedies he pursued after the May 10th altercation with Officer Williams. Doc. 12, at 5-7. A thorough review of Sanks' amended complaint indicates that his administrative remedies will not be exhausted until his grievance appeal is decided.[2] Although Jones clearly states that prisoners have no obligation to plead, allege, or otherwise demonstrate exhaustion, see Jones, 127 S. Ct. at 913-15, nothing in Jones forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of a prisoner's complaint that he has not exhausted all administrative remedies available to

---

[2] Exhaustion of prison administrative remedies is a "precondition" to filing suit. Higginbotham v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). Since plaintiff filed his complaint before exhausting his administrative remedies, his suit must be dismissed whether or not his grievance appeal is decided while this action is pending.

him. Okpala v. Drew, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) ("where . . . an affirmative defense appears on the face of a prisoner's complaint . . . the PLRA continues to require a district court to dismiss the complaint."); Soler v. Bureau of Prisons, 2007 WL 496472 (N.D. Fla. Feb. 12, 2007) (while Jones held that a prisoner is not *required* to demonstrate exhaustion in his complaint, nothing in Jones precludes the sua sponte dismissal of the complaint where it is clear from the pleadings that the prisoner has in fact failed to exhaust his administrative remedies); Colston v. Cramer, 2007 WL 1655412 (E.D. Mich. Jun. 07, 2007) (same); Ghosh v. McClure, 2007 WL 400648 (S.D. Tex. Jan. 31, 2007) (same). See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (dicta). Because Sanks has affirmatively alleged that he has yet to exhaust his prison administrative remedies, his suit should be dismissed.

## C. Other Problems with the Complaint

Even if Sanks had exhausted his administrative remedies, he has nevertheless failed to state an Eighth Amendment claim of deliberate indifference. For starters, although his amended complaint alleges deliberate indifference by the nurse who treated him after his altercation with Officer Williams, Sanks did not name her as a defendant in this case.

7

See Docs. 1 & 12. And even if Sanks had done so, the nurse's alleged failure to consult his medical records constitutes, at best, mere negligence. Negligence alone is insufficient to state an Eighth Amendment claim for deliberate indifference under § 1983. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Mere negligence or malpractice does not violate the eighth amendment. Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment."). Therefore, Sanks' Eighth Amendment claim for deliberate indifference to his serious medical needs should be **DISMISSED**.

Sanks' complaint also names Coastal State Prison as a defendant. The prison, however, has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and

police departments are not considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *4 (N.D. Tex. March 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence). Furthermore, to the extent that plaintiff's suit against the prison could be construed as a suit against Georgia Department of Corrections, "[t]he Eleventh Amendment bars [suit] against the Georgia Department of Corrections" regardless of the relief sought. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). Therefore, Coastal State Prison should be **DISMISSED**.

Likewise, Sanks cannot bring a claim for damages against Officer Williams or Warden Williams in their official capacities. Any suit against a state officer acting in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). As a result, "a state official sued in his official capacity [is] not [a] 'person[]' within the meaning of § 1983, thus damages are unavailable." Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995). Accordingly, to the extent that Sanks' complaint includes claims for money damages from Officer Williams and Warden Williams in their official capacities, those claims should be

**DISMISSED**. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) (courts should dismiss as legally frivolous "claims against which it is clear that the defendants are immune from suit").

Furthermore, Sanks has failed to state a claim against Warden Williams in his individual capacity because Sanks does not allege that any specific acts or misconduct by Warden Williams deprived him of a constitutional right or led to an injury of constitutional character. Instead, Sanks relies on a theory of respondeat superior in his claim against this defendant. It is well settled, however, that § 1983 relief cannot be based on a theory of respondeat superior or vicarious liability. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Therefore, his claims against Warden Williams in his individual capacity should also be **DISMISSED**.

Finally, Sanks has failed to state a claim for injunctive relief. His complaint requests an order from this Court ordering the termination of Officer Williams as a prison guard at Coastal State Prison. Besides contravening the principles of federalism dictated by the United States Constitution, terminating Williams would provide no remedy to Sanks, who is no longer incarcerated at Williams' place of employment. Moreover, such an order would neither compensate Sanks for his alleged injuries nor protect

him from future harm at the hands of Officer Williams. See Bates v. Debruyn, 1996 WL 204491 (N.D. Ind. Mar. 22, 1996) (explaining that injunction ordering prison guard's termination would not offer any relief to inmate no longer incarcerated at prison where guard was employed). Therefore, his request for an injunction from this Court should be **DENIED**.

## III. CONCLUSION

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918. Sanks has affirmatively stated in his complaint that he has yet to exhaust his prison grievance procedures. Accordingly, his complaint is premature and must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 21st day of **September, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE R. SANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-070 |
| | ) |
| MICHAEL WILLIAMS, COASTAL | ) |
| STATE PRISON, and THALRONE | ) |
| WILLIAMS, Warden, | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE R. SANKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV407-070 |
| MICHAEL WILLIAMS, COASTAL STATE PRISON, and THALRONE WILLIAMS, Warden, | ) ) ) ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA